**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 23, 2012

No. 11-41289

Lyle W. Cayce
Clerk

SONIA A. HERNANDEZ,

Plaintiff-Appellant

v.

SIKORSKY SUPPORT SERVICES, INC., doing business as Aerospace
Maintenance, Inc.,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CV-326

Before BENAVIDES, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sonia Hernandez brought Title VII claims against her employer, Sikorsky Support Services, Inc. The district court granted summary judgment to Sikorsky because Hernandez had not established a *prima facie* case. We AFFIRM.

FACTS AND PROCEDURAL HISTORY

Hernandez is employed as a records clerk at Sikorsky, a company that manufactures and services helicopters for the United States Navy. The events

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41289

underlying this case took place in Las Cruces, New Mexico, and at the Naval Air Station in Corpus Christi, Texas.

Hernandez claims that a series of incidents amounted to sex discrimination and created a hostile work environment. First, while she was on temporary assignment in Las Cruces, her supervisor Kenneth Gorman made an inappropriate sexual comment to her. Second, Hernandez alleges she was harassed at another time by Gorman. Third, Hernandez asserts Gorman's failure to utilize the shift-assignment system in a proper way denied her seniority-based preference in shift scheduling. Fourth, she asserts she was refused access to passwords. Fifth, Hernandez alleges she was given a written disciplinary report for an inaccuracy in her logbooks, but a similarly situated male employee received no discipline. Finally, Hernandez alleges she was required to receive lifting lessons after sustaining a small injury though similarly situated male colleagues were not. On appeal, Hernandez offers three of these incidents to support her gender discrimination claim – shift scheduling, denial of passwords, and disciplinary reprimand – and all six incidents in support of her claim of hostile work environment.

Hernandez filed a grievance with her union, which has not been resolved, alleging sex discrimination. Hernandez also presented her allegations to the Equal Employment Opportunity Commission. The EEOC's investigation resulted in a finding of sex discrimination and a "right to sue" letter being issued.

Hernandez filed suit in October 2010. The district court granted summary judgment in favor of Sikorsky one year later. Hernandez timely appealed.

## DISCUSSION

We review a district court's grant of summary judgment *de novo*. *Onoh v. Nw. Airlines, Inc.*, 613 F.3d 596, 599 (5th Cir. 2010). We view all evidence in the light most favorable to the non-moving party; summary judgment should be granted only if there is no genuine issue of material fact and the movant is

No. 11-41289

entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is appropriate if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

On appeal, Hernandez presents four issues.  Each of them challenges the district court's interpretation of whether there was evidence supporting her claims such that summary judgment for the Defendant should have been denied.  On her claim of sex discrimination, Hernandez challenges the district court's conclusions that neither the shift-scheduling issues nor the denial of passwords could amount to adverse employment action and that her disciplinary reprimand did not amount to different treatment as compared to a male colleague in a similar position.   On her claim of hostile work environment, Hernandez challenges the district court's conclusion that there was not enough evidence to submit the claim to a jury.  We consider her issues as we discuss her two claims: (A) employment discrimination and (B) hostile work environment.

*A.    Employment Discrimination Claim*

An employment discrimination claim on the basis of sex is analyzed using the traditional burden-shifting rules of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).  A plaintiff must first establish a *prima facie* case that she has suffered discrimination based on sex.  *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003).  If that case is made, the burden shifts to the defendant to "articulate a legitimate, nondiscriminatory reason for the questioned employment action."  *Id.*  If such a reason is given, "the burden shifts back to the plaintiff to produce evidence that the defendant's articulated reason is merely a pretext for discrimination."  *Id.*

No. 11-41289

A *prima facie* case of sex discrimination requires proof that a plaintiff (1) is a member of a protected class, (2) is qualified for the position held, (3) has been subjected to an adverse employment action, and (4) was treated differently from others similarly situated. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005).

Three of the issues Hernandez presents go to whether she suffered adverse employment action, namely in being denied a seniority-based preference in shift scheduling, denied certain passwords, and reprimanded.   For an adverse employment action to have occurred, there must be an ultimate employment decision such as hiring, firing, promoting, demoting, transferring, or reducing compensation. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004).  The evidence must produce an "objective showing of a loss in compensation, duties, or benefits" to constitute an adverse employment action.  *Id.* at 283.

Hernandez has not shown an objective loss with respect to shift scheduling. It is not even clear that Hernandez suffered subjective loss, as the shift she was given was the one shown as her first choice on her shift-request documents. Further, Hernandez has not alleged any objective difference between shifts as measured by compensation, duties, benefits, job status, or objective prestige. Regardless, the district court was correct to conclude that this did not rise to the level of an adverse employment decision as it did not make the job "objectively worse." *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 770 (5th Cir. 2001) (citation omitted).   In analyzing a similar claim, we held that changing a plaintiff's work hours does not by itself constitute an adverse employment action. *Benningfield v. City of Houston*, 157 F.3d 369, 377 (5th Cir. 1998)

As to the denial of passwords, Hernandez has similarly not shown objective loss.  The relevant passwords were needed to make certain corrections in logs of flight hours.  Hernandez had to make such corrections a few times per week and was able to do so by calling a supervisor to her desk to enter the password.

4

No. 11-41289

Hernandez has not alleged she suffered demotion of position, reduction of compensation, or reduction of duties as a result of not having possession of the passwords at issue. The denial of these passwords does not constitute adverse employment action. *See Pegram*, 361 F.3d at 283.

Finally, the disciplinary reprimand was not an adverse employment action. "[D]isciplinary actions in the form of reprimands, do not constitute ultimate employment decisions." *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 658 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 66 (2006). Hernandez suffered no direct consequences from the reprimand such as to compensation, duties, or job title. Moreover, the reprimand was kept in Hernandez's personnel file for only a year.

We do not reach the other issues regarding the employment discrimination claim because Hernandez suffered no adverse employment action.

## B.    *Hostile Work Environment Claim*

A *prima facie* case for a hostile work environment claim requires proof that (1) a plaintiff belongs to a protected group and (2) was subjected to unwelcome harassment (3) that was based on the protected status, and (4) "the harassment affected a term, condition, or privilege of employment." *Frank*, 347 F.3d at 138. In analyzing whether the environment was sufficiently abusive to alter the conditions of employment, a court considers the totality of the circumstances; those include the frequency, severity, nature of the conduct, and the level of interference with an employee's work. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

The altered employment conditions are not just economic or tangible harm. *Id.* at 21. Still, the "conduct must be extreme to amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). The conduct at issue must create an environment that is abusive or

5

No. 11-41289

hostile, viewed objectively through the lens of a reasonable person. *Harris*, 510 U.S. at 21.

The fourth issue that Hernandez raises on appeal is whether the district court incorrectly concluded that the totality of the circumstances did not raise sufficient evidence of a hostile work environment. The circumstances here include one sexually-themed comment, the repositioning of Hernandez's desk, and Gorman arriving to work early to intimidate Hernandez. The circumstances also include acts of alleged favoritism towards male employees including shift scheduling, access to passwords, safety training, and notice regarding an open managerial position.

Hernandez was not able to recall the content of Gorman's one statement. Therefore, jurors would not have been able to evaluate whether the comment was objectively offensive such that it could affect the conditions of Hernandez's employment. Hernandez has not alleged any further offensive comments.

Hernandez acknowledged that all desks were repositioned in the same time period for a valid corporate reason. Further, Hernandez is unable to point to any harassment by Gorman during his sporadic early visits to the office.

With respect to shift scheduling, Hernandez was assigned the shifts for which she stated a preference. This claim clearly fails and does not support favoritism to male employees.

Some male employees received access passwords that Hernandez did not. Hernandez admits that she never requested the passwords from her supervisors or inquired why other employees had them. Hernandez states no basis on which to consider the question of passwords to be a basis for liability.

Hernandez complains that she was not notified about an open managerial position but concedes that she was not qualified for the position based on seniority. Further, she had earlier declined a managerial position.

6

No. 11-41289

In two instances Hernandez claims that she was treated differently than similarly situated males. In one instance, Hernandez received a written warning for what was categorized as a Level I error. A male colleague received no reprimand for a more serious Level II error. In the male colleague's case, the error was one incident and found to be the result of a supervisor's error; that supervisor ultimately received an oral reprimand. In Hernandez's case, in addition to the initial error, a review of her logbooks showed multiple entries out of date for over four months and a general backlog of information entry. Hernandez states that she inherited this work from another colleague, but Hernandez did not report this backlog to her supervisors. Hernandez does not dispute that her disciplinary reprimand was justified.

In the second instance, Hernandez was subjected to safety training following a minor workplace injury while male colleagues told Hernandez they did not receive similar training following injuries. Hernandez was injured lifting boxes under the tenure of one safety manager, while her comparator employees were injured by a door and propellers under a different safety manager.

There is no evidence of interference with Hernandez's work and no allegation of physical threats or humiliation as contrasted with a private and isolated verbal remark. *Harris*, 510 U.S. at 23. Further, the incidents were neither so severe nor pervasive as to create an objectively abusive or hostile work environment. *Id.* Hernandez presented no direct evidence that these incidents were anything more than the unsatisfying operation of routine corporate procedures. There is no evidence that these incidents altered the conditions of Hernandez's employment.

AFFIRMED.